IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2020

**STATE OF TENNESSEE v. OTIS LAMAR TAYLOR**

**Appeal from the Circuit Court for Madison County**
**No. 18-610    Kyle C. Atkins, Judge**

_____

**No. W2019-01246-CCA-R3-CD**

_____

The defendant, Otis Taylor, appeals the order of the trial court revoking his probation and ordering him to serve his original three-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation, and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

John D. Hamilton, Jackson, Tennessee, for the appellant, Otis Lamar Taylor.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Benjamin C. Mayo, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On July 30, 2018, the Madison County Grand Jury indicted the defendant on the following charges:  evading arrest (count one); driving on a canceled, suspended, or revoked license, second or subsequent offense (counts two and three); reckless driving (count four); speeding (count five); violation of the financial responsibility law (count six); and violation of the seat belt law (count seven). On January 22, 2019, the defendant pled guilty as charged to all seven counts. As a result of his plea, the defendant was sentenced

to three years, suspended to supervised probation after serving 120 days in confinement. Per the terms of his probation, the defendant was required to submit to random drug and alcohol screens, pay $100.00 in costs and fines, maintain full-time employment, as well as complete 50 hours of community service, with a minimum of eight hours completed each month.

A probation violation warrant was issued for the defendant's arrest on February 15, 2019. According to the violation report, the defendant violated the terms of his probation by: 1) failing to report to his scheduled office visit with his probation officer on February 7, 2019; 2) testing positive for marijuana on February 11, 2019; and 3) failing to complete any community service as ordered by the trial court. The trial court conducted a revocation hearing on March 4, 2019.

At the revocation hearing, the defendant asked the trial court to reinstate his probation with additional conditions, such as rehabilitation or treatment. Conversely, the State requested the trial court revoke the defendant's probation. Both the defendant and his probation officer, Melissa Estep, were present at the hearing.

During the hearing, the defendant admitted to the violations outlined in the warrant, including the use of marijuana while on probation. Ms. Estep stated the defendant failed multiple drug tests under her supervision. Based on the defendant's admissions, the trial court found the defendant's conduct to be "a violation of [the defendant's] probation in a substantial way based upon a preponderance of the evidence." As a result, the trial court revoked the defendant's probation and ordered him to serve the original three-year sentence with the Tennessee Department of Correction. The defendant filed an untimely, pro se notice of appeal on July 15, 2019. Pursuant to Tennessee Rule of Appellate Procedure 4(a), this Court waived the timeliness requirement by order dated February 11, 2020.

### *Analysis*

On appeal, the defendant argues the trial court erred by revoking his probation and ordering him to serve his original three-year sentence.[1] He argues the trial court should have modified or increased the conditions of his probation or considered alternative rehabilitation treatment. The State contends the trial court did not abuse its discretion in revoking the defendant's probation or in ordering him to serve his original three-year sentence in confinement. After our review, we affirm the judgment of the trial court.

---

[1] Throughout their briefs, both the defendant and the State alternate between the terms "community corrections" and "probation" when referring to the defendant's sentence. However, a review of the judgment reveals the defendant was placed on supervised probation as a result of his guilty plea.

- 2 -

A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. §§ 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*. (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

The defendant argues the trial court abused its discretion by fully revoking his probation and contends the trial court should have considered the potential for rehabilitation or treatment. This Court has cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App Feb. 10, 1999). The record indicates the defendant failed to report to his probation officer on February 7, 2019, failed to remain drug free by testing positive for marijuana on February 11, 2019, and failed to complete any community service hours. The defendant admitted to each of these violations at the revocation hearing, and Ms. Estep testified the defendant actually failed multiple drug tests under her supervision. Based on the proof presented, the trial court found the defendant's admitted conduct constituted a substantial violation of the defendant's probation.

Once a violation of probation is found, a trial court can order the defendant to serve the original sentence. Tenn. Code Ann. § 40-35-310; *see Lewis*, 917 S.W.2d at 256. Though the defendant testified at the probation revocation hearing and asked the trial court for another chance on probation with additional conditions and treatment, the trial court was not persuaded and was under no obligation to comply with the defendant's request. The record contains sufficient evidence that the defendant violated the terms of his probation as he admitted to the same. *Leach*, 914 S.W.2d at 106. Accordingly, the trial court acted within its discretion in ordering the defendant to serve the original sentence of three years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Clyde Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE